# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ANTHONY OKPEKU, # 107662     *

   Petitioner     *

      v     *     Civil Action Case No. DKC-10-3066

ROBERT GREEN, WARDEN     *

   Respondent     ***

## MEMORANDUM OPINION

Anthony Okpeku, who is self-represented, petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to challenge his October of 2010 conviction and sentence in the Circuit Court for Montgomery County for indecent exposure before a correctional officer. Counsel for Respondent[1] moves for dismissal for lack of exhaustion under 28 U.S.C. § 2254(b). Okpeku has filed a reply in opposition. Upon review of the petition, papers and exhibits, the court will DISMISS the Petition without prejudice.

    **I.**     **Background**

Opeku filed the instant petition for habeas corpus relief on October 28, 2011, requesting vacatur of his conviction and sentence and his immediate release because he received ineffective assistance of counsel and did not fully understand the consequences of his guilty plea.[2]

---

[1] Okpeku is currently confined at the Maryland Correctional Institution-Hagerstown where the warden is Roderick Sowers. The proper party respondent as required by Rule 2(a), Rules Governing Section §2254 Cases in the United States is Petitioner's custodian. *See* Rule 2(a), 28 U.S.C. fol. § 2254; Fed. R. Civ. P. 25(d)(1). Robert Green is Warden of Clarksburg Correctional Facility where Okpeku was previously incarcerated.

[2] To the extent Okpeku wants damages for his allegedly illegal confinement, *see* Petition, p. 16.1, they may not be awarded under 42 U.S.C. § 1983 for an unconstitutional term of imprisonment before issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned).

On October 7, 2010, Okpeku was convicted by a jury sitting in Circuit Court for Montgomery County, Maryland of indecent exposure before a correctional officer. On October 26, 2010, Okpeku noted an appeal to the Court of Special Appeals of Maryland. The case has been docketed in the Court of Special Appeals as Number 2082 of the September, 2010 Term and remains pending in that court. To date, the appeal has not been perfected.[3]

## II. Discussion

### A. Exhaustion

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodrieguez*, 411 U.S. 475, 491 (1973). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). If state court remedies have yet to be exhausted, the federal court must dismiss the § 2254 petition without prejudice to allow the petitioner to return to state court. *See Slayton v. Smith*, 404 U.S. 53(1971).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

---

[3] Respondent's counsel states that he obtained this information by phone conversation with the Clerk on January 4, 2011. According to the Maryland Judiciary website at http://casesearch.courts.state.md.us, Geraldine K. Sweeney, Chief Attorney, Appellate Division for the Office of the Public Defender is listed as counsel on appeal.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. If the application is granted but relief on the merits of the claim is denied, a petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State,* 292 Md. 201, 210-11 (1981).

### B. Analysis

The judgment of conviction at issue in Okpeku's underlying petition is the subject of a pending direct appeal to the Court of Special Appeals of Maryland. Given the pendency of that proceeding, the state remedies available to Okpeku have not been fully exhausted and this case will be dismissed without prejudice .

After exhausting his state court remedies, Okpeku may refile his claims in a new § 2254 petition. Petitioner is cautioned that there is a one-year filing deadline for state prisoners filing applications for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d).[4] Should he

---

[4] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

intend to refile his petition after his available state court remedies are exhausted, he should take care not to miss this deadline.[5]

### III. Certificate of Appealability

Lastly, when a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless a petitioner demonstrates both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001).

---

> constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[5]   Petitioner is reminded that a properly filed application for state post-conviction review will toll the running of the one-year federal limitations period. Although Petitioner has filed a motion for modification of sentence, this pleading may not be sufficient to toll the limitations period. *See e.g. State v. Kanaras*, 357 Md. 170, 183 (1999) (noting "there is no indication in the language or history of [Maryland] Rule 4-345 that the court intended to create a separate cause of action... [I]t is part of the same proceeding and not a wholly independent action. The rule simply grants the trial court limited continuing authority in the criminal case to revise the sentence."); *Walkowiak v. Haines*, 272 F.3d 234 (4th Cir. 2001) (holding that a "Motion for Correction or Reduction of Sentence" was not a collateral proceeding to toll the limitations period under 28 U.S.C. §2244(d)(2)).

Petitioner fails to satisfy this standard or show substantial denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, a Certificate of Appealability shall be denied. A separate Order follows.


Date:   January 20, 2011                                   /s/
                                                          DEBORAH K. CHASANOW
                                                          United States District Judge